IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARYL GRAY,

    Petitioner,               No. CIV S-10-2646 DAD P

    vs.

CALIFORNIA BOARD OF
PRISON TERMS et al.,

    Respondents.        ORDER
                              /

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may

1

dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

## BACKGROUND

On September 29, 2010, petitioner commenced this action by filing a petition for writ of habeas corpus. Therein, he alleges that California state prisons are overcrowded and that he is not receiving adequate medical care as a result of the overcrowding in violation of court rulings in the Coleman and Plata class action lawsuits. In petitioner's view, he should be released because he is non-violent, disabled, and terminally ill. (Pet. at 5-6.)

## ANALYSIS

The instant petition will be dismissed because petitioner has failed to state a cognizable claim for federal habeas relief. Petitioner is advised that habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Here, petitioner does not challenge the legality of his conviction, a parole proceeding, or other adjudication that has led to his current incarceration. Rather, petitioner challenges the conditions of his confinement. Petitioner is advised that a civil rights action, not a habeas corpus proceeding, is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. 42 U.S.C. § 1983; Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). Accordingly, petitioner is not entitled to habeas corpus relief, and this habeas action will be dismissed without prejudice to filing a civil rights action.[1]

---

[1] Even assuming the court could construe petitioner's allegations as somehow stating a cognizable habeas corpus claim, the court would still dismiss the pending petition because petitioner has not exhausted any of his claims by first presenting them to the California Supreme Court . It is well established that exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies

**OTHER MATTERS**

Also pending before the court are several motions from petitioner, including a motion to correct respondent's name, a motion to clarify facts and claims in his petition, a motion for a preliminary injunction, and a motion for an evidentiary hearing for compassionate release pursuant to California Penal Code § 1170. In light of the discussion above, the court will deny petitioner's motions as moot.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner's September 29, 2010 motion to proceed in forma pauperis (Doc. No. 2) is granted;

2. Petitioner's September 29, 2010 application for writ of habeas corpus (Doc. No. 1) is dismissed without prejudice to filing a civil rights action;

3. Petitioner's motions (Doc. Nos. 5, 7, 8 & 10) are denied as moot; and

4. This action is closed.

DATED: March 8, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
gray2646.156

---

the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986). Here, on his form petition, petitioner indicates that he did not appeal his judgment of conviction and has not previously filed any habeas petitions, applications, or other motions challenging his judgment of conviction in state or federal court. (Pet. at 2-3.)